IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS BYRD, # S-09454, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-1055-GPM |
| | ) |
| DR. SHAH, ANGEL RECTOR, | ) |
| CHRISTY BROWN, | ) |
| and UNKNOWN PARTY (TB Nurse), | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He filed this action on October 8, 2013. Plaintiff is serving a 24-year sentence for aggravated kidnaping. He claims that Defendants were deliberately indifferent to his serious medical condition, in that they have not given him treatment for a positive TB test. He further claims that the denial of his requested medications has caused him other symptoms.

Initially, the Court notes that on August 1, 2013, Plaintiff filed an earlier action in this Court in which he raised nearly identical claims against the three Defendants named here: *Byrd v. Schicker, Shah, Rector, and Brown*, Case No. 13-cv-783-GPM. After conducting the preliminary merits review on Plaintiff's complaint in that case, the undersigned Judge concluded that Plaintiff failed to state a cognizable claim against any of the named Defendants. Plaintiff did not describe how any of those four individuals was involved in the alleged denial of medical care (Doc. 13 in Case No. 13-cv-783-GPM, entered August 29, 2013). The complaint in that

case was dismissed without prejudice, and Plaintiff was ordered to submit an amended complaint on or before September 30, 2013, in order to proceed with his case. Plaintiff never submitted an amended complaint in Case No. 13-cv-783-GPM, thus, that case is ripe for dismissal.

Plaintiff's complaint in the instant case was filed on October 8, 2013, too late to meet the deadline for consideration as an amended complaint in Case No. 13-cv-783-GPM. Further, it bears no indication that Plaintiff intended it to be filed as an amended complaint in that prior case. Accordingly, the Clerk of Court properly filed it as a new complaint to initiate a separate action.

**The Complaint**

Plaintiff claims that he has tested positive for tuberculosis for five years (Doc. 1, p. 4). Four (unidentified) doctors told Plaintiff he needed medication. He asked for the medication at some point, but was told that he had already taken the medicine and did not need to take it again, nor did he need to be re-tested for TB.[1]

Despite this advice, on October 1, Plaintiff was called to the prison Health Care Unit and forced to take the TB test. He had a big red knot on his arm for a week. He was told he had a "moderate" test and did not need medication. Plaintiff claims this is a lie, because he had also been told (he does not say when or by whom) he would have to take medication every year.

Plaintiff claims that due to having been denied the TB medication, he now has a knot in his testicle. He also has chest pain on a daily basis, blood in his urine, and trouble breathing. He lists three medications (Isoniazid, Rifampin, and Pyrazinamide) that he could be given to "stop [his] pain" (Doc. 1, p. 5). He wants to be given one of these medicines and is willing to pay for this treatment.

---

[1] Plaintiff includes a grievance report, in which the grievance officer quotes Defendant Brown as stating that she reviewed Plaintiff's file, and he was treated for TB in 2005. Further, "He does not have to take the medication again or the test." (Doc. 1, p. 8).

As relief, Plaintiff seeks an order that he be given a TB test from an outside provider and that he receive TB medications.  He also asks for punitive damages (Doc. 1, p. 10).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

The Eighth Amendment guarantees adequate medical care to prisoners, *see Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); therefore the complaint suggests that Plaintiff may have a colorable claim.  However, as Plaintiff was advised in the order dismissing his complaint in Case No. 13-cv-783-GPM, in order to state a claim against a Defendant, his pleading must describe how each named Defendant was involved in the alleged denial of medical care.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Merely naming a defendant in the caption, as Plaintiff has done here, is insufficient to state a claim.  *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998).

Plaintiff does not mention any Defendant by name anywhere in his statement of claim, nor does he identify who denied him treatment.  Moreover, he does not indicate whether (or to whom) he requested treatment for the knot in his testicle, chest pain, blood in urine, or breathing problems.  Because Plaintiff has failed to connect any Defendant to the alleged deliberate indifference to his medical needs, the complaint does not state a claim upon which relief can be granted, and does not withstand § 1915A scrutiny.

After fully considering the allegations in Plaintiff's complaint, the Court concludes that the complaint fails to state a constitutional claim upon which relief may be granted against any of the named Defendants. Because he utterly fails to state a claim, and because he has already been given the opportunity to amend and attempt to state a claim (Case No. 13-cv-783-GPM) this complaint is dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** with prejudice for failure to state any claim on which relief could be granted. Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED:** November 18, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge